# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ROBERT SAUNDERS | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | C.A. No. N22C-02-164 PAW |
| | ) | |
| SGT. SMITH, CORRECTIONS | ) | |
| OFFICER MITCHELL, JR., DANA | ) | |
| METZGER, BUREAU CHIEF, and | ) | |
| COLONEL MELISSA ZEBLEY | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Submitted: December 14, 2023
Decided: March 26, 2024

*On Plaintiff's Motion for Default Judgment;*
**DENIED.**

*On Defendants' Motion to Dismiss;*
**GRANTED.**

## MEMORANDUM OPINION AND ORDER

Robert Saunders, *pro se*, *Plaintiff*.

Zachary Collins, Esq., of the Delaware Department of Justice, *Attorney for Defendants*.

**WINSTON, J.**

## I.    INTRODUCTION

In the afternoon, on February 9, 2021, Plaintiff Robert Saunders was transported by Department of Corrections officers, Sergeant Smith and Officer Mitchell, Jr.[1], from James T. Vaughn Correctional Center ("JTVCC") to Christiana Care for a vascular surgeon consultation. Upon turning into Christiana Care, the vehicle transporting Mr. Saunders rear ended another vehicle. Mr. Saunders was not wearing a seatbelt and suffered injuries to his head, back, right shoulder and right knee.

Mr. Saunders sues the Defendants for personal injuries based on allegations of negligence. Mr. Saunders moved for default judgment contending that the Defendants failed to respond to the Complaint. In response, the Defendants filed a motion to dismiss for insufficiency of service of process and contend the Delaware State Tort Claims Act ("DSTCA") bars Mr. Saunders claims. For the reasons stated below, Mr. Sanders's Motion for Default is **DENIED** and Defendants' Motion to Dismiss is **GRANTED**.

## II.    FACTUAL AND PROCEDRUAL BACKGROUND

Unless otherwise noted, the following facts are drawn from Mr. Saunders's Complaint.[2] On February 9, 2021, Mr. Saunders resided at JTVCC in Smyrna. On

---

[1] First names were not provided for Sergeant Smith and Officer Mitchell.
[2] D.I.1.

this day, Defendants Smith and Mitchell transported Mr. Saunders from JTVCC to Christiana Care in a state-owned vehicle. While enroute, Defendant Mitchell distracted the driver, Defendant Smith, by "informing him to look at something." As Defendant Smith turned into Christiana Care, he rear-ended another vehicle. Mr. Saunders alleges that Defendant Smith's negligence was the cause of the accident because Defendant Smith: (i) drove carelessly; (ii) drove inattentively; (iii) failed to maintain a proper look out while operating the vehicle; (iv) followed a vehicle more closely, than is reasonable or prudent; (v) drove in a willful and wanton disregard for the safety of persons in the vehicle; (vi) failed to have the vehicle under proper and adequate control at the time of the collision; and (vii) failed to secure Mr. Saunders with a seatbelt.

As to Defendant Mitchell, Mr. Saunders claims Defendant Mitchell caused the collision by distracting Defendant Smith and failed to secure Mr. Saunders with a seatbelt. Defendant Dana Metzger, who Mr. Saunders alleges is in charge of transporting inmates, allegedly failed to: (i) issue a directive to secure inmates during transport; (ii) provide an outline for administration of medical care for inmates injured in vehicle accidents; and (iii) provide a directive mandating "staff to report an inmate involved in an accident to medical upon returning to the institution."[3] Defendant, Colonel Melissa Zebley, employed by the Delaware State Police, is

---

[3] D.I. 1 ¶ 13(c).

allegedly negligent for failing to prepare a proper accident report and accord Mr. Saunders due process.

On August 18, 2023, the Court received Mr. Saunders's Motion for Default (the "Default Motion"). Mr. Saunders argues that he filed his Complaint in February 2022, the summons and Complaint were served on the Defendants, and the Defendants have failed to answer or otherwise respond. In opposition to the Default Motion, Defendants argue that they are not obligated to respond to the Complaint because service of the Complaint did not comply with 10 *Del. C.* § 3103(c). Shortly thereafter, Defendants moved to dismiss the Complaint under Superior Court Rule 12(b)(5) and 12(b)(6) and Mr. Saunders opposed. [4]

## III.  STANDARD OF REVIEW

Mr. Saunders's Default Motion is based upon Superior Court Civil Rule 55(b). Rule 55(b) provides that a Court *may* enter judgment by default "when a party… has

---

[4] Mr. Saunders, who has since been released from JTVCC, advised that his ability to attend oral argument in person was limited due to weekly doctors' appointments and probation. D.I. 44. To accommodate Mr. Saunders, the Court scheduled the argument remotely. D.I. 50. However, three days before the scheduled oral argument, Mr. Saunders advised, via letter, that he does not have access to Zoom. D.I. 52. That same day, the Court's Civil Case Manager telephoned Mr. Saunders to confirm his Zoom access capabilities. D.I. 53. Mr. Saunders advised that he was unsure if he would be able access Zoom to attend the hearing. *Id.* As this matter has been pending for several months and neither party requested oral argument, the Court cancelled oral argument and advised the parties it would rule upon the papers submitted. D.I. 54.

failed to appear, plead, or otherwise defend as provided by the Rules…."[5]  The

Defendants, in turn, argue for a dismissal based on Rules 12(b)(5) and (6).  These

Rules are insufficient service of process and failure to state a claim for which relief

can be granted.[6]  Each Rule requires this Court to adhere to specific standards of

review when making a determination.

Rule 12(b)(5) requires dismissal of a claim if the claim's service of process is

insufficient as to the rules of civil procedure in the State of Delaware.  In the State

of Delaware, any summons initiating a lawsuit against the State of Delaware or any

state officer, must be served upon the Attorney General, State Solicitor, or Chief

Deputy Attorney General, in addition to the Defendants.[7]  Failure to complete

service pursuant to Section 3103(c) means that service has not been perfected.[8]

Upon a Rule 12(b)(6) motion, the Court: (i) accepts all well-pleaded factual

allegations as true; (ii) credits vague allegations if they give the opposing party

notice of the claim; (iii) draws all reasonable inferences of the non-moving party;

and (iv) denies dismissal if recovery on the claim is reasonably conceivable.[9]

---

[5] Super. Ct. Civ. R. 55(b).
[6] Super. Ct. Civ. R. 12(b).
[7] 10 *Del. C.* § 3103(c).
[8] *Id*.
[9] *Cent. Mortg. Co. v. Morgan Stanley Mortg. Cap. Holdings, LLC*, 27 A.3d 531, 535 (Del. 2011).

5

## IV. ANALYSIS

### A. Insufficient Service of Process

Defendants argue that Mr. Saunders failed to perfect service of process because they were not served pursuant to Section 3103(c). The proper procedure for service of process against State employees is to serve the Attorney General, State Solicitor, or the Chief Deputy Attorney General, *and* all the Defendants with the summons and complaint.[10] Here, based upon the docket, Mr. Saunders served the Attorney General with the Complaint, but not the summons.[11] Although self-represented litigants may be afforded some leniency in presenting their cases, self-represented litigants must abide by the same rules that apply to other litigants.[12] One of those fundamental rules requires that a party seeking to pursue claims in this Court must properly effect service of process on his adversary.[13] Mr. Saunders has failed to demonstrate that he properly served the Defendants with process pursuant to Section 3103(c). While this Court affords Mr. Saunders leniency as a self-represented litigant, it cannot override the statutory requirements of proper service.

---

[10] *See* Section 3103(c).

[11] D.I. 4. and 14. All Defendants were served with the summons and Complaint.

[12] *Hayward v. King*, 127 A.3d 1171, 2015 WL 6941599, at *4 (Del. 2015) (TABLE); *see also Draper v. Med. Ctr. of Del.*, 767 A.2d 796, 799 (Del. 2001) ("There is no different set of rules for ***pro se*** plaintiffs, and the trial court should not sacrifice the orderly and efficient administration of justice to accommodate an unrepresented plaintiff.") (emphasis original).

[13] *See Slawik v. State*, 480 A.2d 636, 645 (Del. 1984) ("A rudiment of procedural due process is the right to receive notice [through service of process]....").

For this reason, all claims against the Defendants must be dismissed and Mr. Saunders's Default Motion must be denied.

### B. Failure to State a Claim

Defendants' argument that Mr. Saunders failed to state a claim upon which relief can be granted is deemed moot as Mr. Saunders failed to overcome the Defendants' 12(b)(5) argument in favor of dismissal.[14]

## V. CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss the Complaint for insufficient service of process is **GRANTED** without prejudice. Plaintiff's Motion for Default is **DENIED** and Defendants' Motion to Dismiss for failure to state a claim is **MOOT**.

**IT IS SO ORDERED.**

*/s/ Patricia A. Winston*
**Judge Patricia A. Winston**

---

[14] Although the Court does not reach this issue, Mr. Saunders should carefully review the arguments of the Defendants for the substantive reasons why his complaint should be dismissed.